IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JIMMY L. SMITH III, individually and on behalf of similarly situated individuals<br>　　　　Plaintiff.<br><br>v.<br><br>ALAMO OILFIELD SERVICES LLC and DAVID PENA<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION NO. 5:22-cv-1079 |

## ORIGINAL COMPLAINT

Plaintiff, Jimmy L. Smith III ("Plaintiff"), individually and on behalf of similarly situated individuals, by and through his undersigned counsel, hereby brings this action against Defendants Alamo Oilfield Services LLC ( "AOS")  and David Pena ("Pena") (hereinafter referred to collectively as "Defendants"), pursuant to the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 et seq (1994 ed. and Supp. III)("FLSA").

1. Defendants employ and pay certain employees a day rate.

2. Although these employees regularly work more than 50 hours in a workweek, Defendants do not pay them overtime.

3. Defendants' policy of paying these employees a day rate with no overtime pay violates the Fair Labor Standards Act ("FLSA").

4. This collective action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these employees, together with attorneys' fees, interest, and costs of these proceedings.

## JURISDICTION & VENUE

5. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(1) because Defendant Alamo Oilfield Services LLC is headquartered in Texas and conducts substantial business in this District.

7. Defendants employed Plaintiff and FLSA Collective Members in Texas while subjecting them to Defendants' improper and illegal payroll practices.

## PARTIES

8. Plaintiff was employed by Defendants as a day rate employee. Plaintiff is domiciled in Texas and performed work out of Defendants' facility as a Scan Operator and Tubing Inspector. Plaintiff's written consent to this action is attached. (Exhibit "A).

9. Unknow employees of Alamo Oilfield Serivces LLC who were paid a day rate and no overtime ("FLSA Collective Members").

10. Defendant Alamo Oilfield Services LLC is a Texas domiciliary and headquarters 1145 W. Bitters Bldg. 2, Ste 2101 San Antonio, TX 78216.  Defendants may be served through its registered agent, David Pena at 16311 Deer Crest, San Antonio, Texas, 72848, or wherever they may be found.

11. Defendant David Pena is the sole manager and member of Alamo Oilfield Services LLC.

12. Defendant David Pena was directly involved in Alamo Oilfield Services LLC payroll decisions and practices, including but not limited to, setting schedules and work assignments, setting pay rates, and assigning work duties.

13. Defendant David Pena was also directly responsible for implementing Alamo

Oilfield Services LLC's practice of paying its employees a day rate without overtime.

14. Defendants' payroll practice and classification of these employees as overtime exempt violated the FLSA.

## FACTS

15. AOS is a limited liability company.

16. AOS primarily conducts business within Texas.

17. AOS is an independent oilfield services contractor that provides a range of well site services to help develop and enhance the production of oil and natural gas for oil and natural gas companies."[1]

18. AOS uses the OEM Artis-4 Trip Tool for wellhead pipe inspection. https://www.alamooilfield.com/

19. According to their website, AOS is engaged in operating a business performing oilfield inspection services, including rig floor inspection services, hydrostatic tubing testing, and torque and test services.

20. In order to provide these inspection services, Defendants employed Plaintiff and other scan operators and tubing inspectors.

21. Plaintiff worked for Defendants as a Scan Operator and Tubing Inspector.

22. Plaintiff and other day rate employees held titles such as Scan Operators and Tubing Inspectors and performed inspections all over Texas ("FLSA Collective Members").

23. In each of the past three (3) years, Defendants' gross revenue has exceeded $500,000.

24. Defendants paid Plaintiff according to his day rate.

25. Defendants routinely scheduled Plaintiff and the other day rate employees, for ten

---

[1] https://www.alamooilfield.com/

(10) or more hours each workday. Defendants scheduled Plaintiff and the other day rate employees for as many as six (6) days in a workweek.

26. Over the past three (3) years, Defendants employed dozens of individuals – including Plaintiff as day rate employees in Texas, Louisiana, and Mississippi.

27. Defendants paid/pay the "FLSA Collective Members" a day rate without overtime.

28. Defendants' day rate employees (including, but not limited to, its "Tubing Inspectors" and "Scan Operators") are non-exempt employees.

29. While the precise job duties of the day rate employees may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

30. An employer can pay a non-exempt employee on a day rate basis *provided* the employee receives overtime pay for hours worked in excess of forty (40) in a workweek. 29 C.F.R. § 778.112.

31. All of Defendants' day rate employees perform manual labor in support of Defendants' inspection operation.

32. All of Defendants' day rate employees are entitled to overtime pay.

33. None of Defendants' day rate employees received/receive overtime pay.

34. Defendants know their day rate employees work more than forty (40) hours in a workweek.

35. Defendants know their day rate employees are not exempt from the overtime provisions of the FLSA.

36. Nonetheless, Defendants did not (and do not) pay their day rate employees overtime for hours worked in excess of forty (40) in a workweek.

## **COLLECTIVE/CLASS ACTION ALLEGATIONS**

37. Plaintiff brings this claim under Section 216(b) of the FLSA as a collective action.

38. The same policy that caused Plaintiff to be denied his overtime pay caused Defendants' other day rate employees to be denied their overtime pay.

39. While the precise job duties performed by the FLSA Collective members might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

40. Nor do any differences in job duties matter for determining whether Defendants' policy of not paying day rate employees overtime is legal.

41. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

42. Because Defendants uniformly failed to pay overtime to all day rate employees, Plaintiff and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

43. Upon information and belief, Defendants employed numerous day rate employees like Plaintiff during the past three (3) years.

44. Nearly all of the questions related to Plaintiff and the FLSA Collective can be answered on a collective basis.

45. Defendants' practice of paying day rates and not paying members of the FLSA Collective overtime is based on established company-wide policies.

46. Defendants' payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA Collective.

47. The most important questions presented in this case can be resolved on a

collective-wide basis.

48. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its violations of the FLSA.

49. Furthermore, individual litigation would be unduly burdensome to the judicial system.

50. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

## COLLECTIVE DEFINITION

51. Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All Scan Operators, Tubing Inspectors, and day rate employees employed by Alamo Oilfield Services LLC who, within the last three (3) years and paid a day rate and no overtime.

## VIOLATION OF THE FLSA

52. Plaintiff incorporates the proceeding paragraphs by reference.

53. At all relevant times, Defendants have been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

54. Defendants employed Plaintiff and each member of the FLSA Collective.

55. Defendants' pay policy denied Plaintiff and the FLSA Collective overtime compensation as required by the FLSA.

56. Defendants' failure to pay Plaintiff and the FLSA Collective overtime at rates not less than one and one-half times their regular rates violates 29 U.S.C. § 207.

57. Defendants' conduct, as described herein, was in willful violation of the FLSA.

12

58. Due to Defendants' FLSA violations, Plaintiff and the FLSA Collective are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## **PRAYER**

**WHEREFORE**, Plaintiff prays for relief as follows:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

b. Judgment against Defendants, Alamo Oilfield Services LLC, and David Pena awarding Plaintiff and the other FLSA Collective members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

c. Pre- and post-judgment interest at the highest rate allowable by law; and

d. All such other and further relief to which Plaintiff and the other FLSA Collective may show themselves to be justly entitled.

Respectfully submitted,

TRAN LAW FIRM

*/s/Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Road, Suite 104
Houston, Texas 77063
Phone: (713) 223-8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, Individually and On Behalf of All Others Similarly Situated**